UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **SEAN O. WATSON** | **CIVIL ACTION** |
| **VERSUS** | **NUMBER: 19-2219** |
| **REGINALD JONES, ET AL** | **SECTION: "B"(3)** |

## OPINION

Before the Court are: (1) Defendants National Interstate Insurance Company ("National"), Evergreen Transport, LLC ("Evergreen"), and Reginald S. Jones' ("Mr. Jones") (collectively "defendants") motion for partial summary judgment (Rec. Doc. 12); (2) plaintiff Sean O. Watson's response in opposition (Rec. Doc. 14); and (3) defendants' reply in support of their motion for summary judgment (Rec. Doc. 18).

I.  FACTS AND PROCEDURAL HISTORY

The facts of this case arise from an automobile accident, involving plaintiff Sean O. Watson and defendant Mr. Jones. Rec. Doc. 1-4 at 1. Plaintiff is a resident of Jefferson Parish. *Id.* Mr. Jones is a resident of Mobile County, Alabama. *Id.* Defendant Evergreen is a foreign corporation authorized to do business in the Parish of Orleans. *Id.* Defendant National is a foreign insurance corporation authorized to do business in the Parish of Orleans, incorporated and with its principal place of business in Ohio. *Id.*

On February 14, 2018, plaintiff was traveling eastbound in the left lane of Interstate 610 in Orleans Parish, Louisiana. *Id*. A 2012 Kenworth Construction truck, owned by defendant Evergreen, operated by defendant Mr. Jones, allegedly entered plaintiff's lane and crashed into plaintiff's vehicle. *Id*. at 2. On February 4, 2019, plaintiff filed suit in the Civil District Court for the parish of Orleans. *Id*. at 1. In his state court complaint, plaintiff asserted two causes of action against defendant Mr. Jones as follows: (1) liability for acts causing damage pursuant to Louisiana Civil Code Article 2315; and (2) negligence pursuant to Louisiana Civil Code Article 2316. *Id*. Plaintiff also asserted a cause of action against defendant Evergreen, claiming they negligently entrusted their vehicle to a negligent driver, *i.e.* negligent supervision, hiring, and training. *Id*. at 3. Plaintiff further asserted that defendant Evergreen is liable for the acts of their employee, Mr. Jones, under a theory of respondeat superior, *i.e.* vicarious liability.[1] *Id*.

Defendants thereafter removed the case to federal court based on diversity jurisdiction on March 8, 2019. *See* Rec. Doc. 1. Defendants have filed the instant motion for partial summary judgment, alleging that because defendant Evergreen has stipulated

---

[1] Plaintiff notes in his complaint that "[u]pon information and belief, [Mr. Jones] was in the course and scope of his employment with [Evergreen] at the time of the subject crash . . . [Evergreen] is liable for the acts of its employee under the theory of *respondeat superior*." Rec. Doc. 1-4. at 3 (emphasis added).

2

that Mr. Jones was in the course and scope of his employment at the time of the accident, plaintiff, as a matter of law, cannot simultaneously maintain independent causes of action in tort against both Mr. Jones and Evergreen for the same incident. Rec. Doc. 12-3 at 2. Plaintiff has opposed the motion for partial summary judgment. Rec. Doc. 14.

## II. LAW AND ANALYSIS

### a. Summary Judgment Standard

Under Federal Rule of Civil Procedure 56, summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (quoting Fed. R. Civ. P. 56(c)). *See also* T*IG Ins. Co. v. Sedgwick James of Wash.*, 276 F.3d 754, 759 (5th Cir. 2002). "As to materiality, the substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine issue of material fact exists if the evidence would allow a reasonable jury to return a verdict for the non-moving party. *Anderson*, 477 U.S. at 248. The court should view all facts and evidence in the light most favorable to the

non-moving party. *United Fire & Cas. Co. v. Hixson Bros. Inc.*, 453 F.3d 283, 285 (5th Cir. 2006). Mere conclusory allegations are insufficient to defeat summary judgment. *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996).

The movant must point to "portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323. If and when the movant carries this burden, the non-movant must then go beyond the pleadings and present other evidence to establish a genuine issue. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). However, "where the non-movant bears the burden of proof at trial, the movant may merely point to an absence of evidence, thus shifting to the non-movant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact warranting trial." *Lindsey v. Sears Religious Organization Exemptionbuck & Co.*, 16 F.3d 616, 618 (5th Cir. 1994). "This court will not assume in the absence of any proof that the nonmoving party could or would prove the necessary facts, and will grant summary judgment in any case where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the [non-movant]." *McCarty v. Hillstone Rest. Grp.*, 864 F.3d 354, 357 (5th Cir. 2017).

Additionally, "[a] partial summary judgment order is not a final judgment but is merely a pre-trial adjudication that certain issues are established for trial of the case." *Streber v. Hunter*, 221 F.3d 701, 737 (5th Cir. 2000). Partial summary judgment serves the purpose of rooting out, narrowing, and focusing the issues for trial. *See Calpetco 1981 v. Marshall Exploration, Inc.*, 989 F.2d 1408, 1415 (5th Cir. 1993).

### b. A Plaintiff May Not Pursue Simultaneous Causes of Action Against Defendants Mr. Jones and Evergreen.

In diversity cases such as these, federal courts must apply state substantive law. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 206 (5th Cir. 2007)(citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938); *Ashland Chem. Inc. v. Barco Inc.*, 123 F.3d 261, 265 (5th Cir.1997). To determine Louisiana law, a federal district court looks to the final decisions of the Louisiana Supreme Court. *Am. Int'l Specialty Lines ins. Co. v. Canal Indemn. Co.*, 352 F.3d 254, 260 (5th Cir. 2003). In the absence of a final decision of the Louisiana Supreme Court regarding the disputed issue, the court must make an "*Erie* Guess" to determine how the Louisiana Supreme Court would resolve the issue if presented with the same case. *Id.*; *see also Jones v. Nat'l Liab. & Fire Ins. Co.*, No. CV 19-4353, 2020 WL 1332944, at *2 (E.D. La. Mar. 23, 2020)(citing *Thomas v. Chambers*, No. CV 18-4373, 2019 WL 1670745, at *6 (E.D. La. Apr. 17, 2019).

There are currently no Louisiana Supreme Court decisions that address the current issue. *Jones*, 2020 WL 1332944, at *2 (citing *Wright v. Nat'l Interstate Ins. Co.*, No. CV 16-16214, 2017 WL 5157537, at *2 (E.D. La. Nov. 7, 2017)). Several courts, including federal courts in this district, have made *Erie* guesses regarding this exact issue, and have ruled in favor of defendants' argument. *Id.* (citing *Wright*, 2017 WL 5157537, at *2; *Dennis v. Collins*, No. CV 15-2410, 2016 WL 6637973, at *8 (W.D. La. Nov. 9, 2016); *Coffey v. Knight Refrigerated, LLC*, No. CV 19-3981, 2019 WL 5684258, at *3 (E.D. La. Nov. 1, 2019); *Franco v. Mabe Trucking Co.*, Inc., No. 17-871, 2018 WL 6072016, at *4 (W.D. La. Nov. 20, 2018); *Vaughn v. Taylor*, No. 18-1447, 2019 WL 171697, at *3 (W.D. La. Jan. 10, 2019); *Wilcox v. Harco Int'l Ins.*, No. CV 16-187-SDD-EWD, 2017 WL 2772088, at *3 (M.D. La. June 26, 2017)).

In *Dennis v. Collins*, the federal court for the Western District of Louisiana dealt with the identical issue. *Dennis v. Collins*, No. CV 15-2410, 2016 WL 6637973, at *7 (W.D. La. Nov. 9, 2016). In *Dennis*, plaintiff was injured when a Greyhound bus allegedly collided with a vehicle in which she was a passenger. *Id.* at *1. Plaintiff asserted a claim against defendant Greyhound Lines Inc. for negligent supervision, hiring, and training, and against defendant driver, Collins, for negligent operation of the bus. *Id.* Defendant Greyhound stipulated that Collins was in the

course and scope of his employment at the time of the alleged incident. *Id*.

The Western District held that plaintiff was unable to maintain simultaneous claims for negligence against both defendant Greyhound and defendant Collins. *Id*. at *7. In their holding, the court synthesized a rule that states in pertinent part:

> A plaintiff *may not* simultaneously maintain independent causes of action in tort against both an employee and an employer for the same incident when the plaintiff alleges both (a) negligence by the employee and (b) negligent hiring, training, and/or supervision by the employer; and (c) the employer stipulates that the employee acted in the course and scope of employment.

*Id.* (emphasis in original). As such, defendant's motion for partial summary judgment on the claim against them for the negligent supervision, hiring, and training of Collins was granted, and the claim was dismissed. *Id*. at *8.

Similarly, in *Wright v. National Interstate Ins. Co.*, the Federal District Court for the Eastern District of Louisiana held that the rule articulated in *Dennis*, though not binding on the court, was persuasive. *Wright v. Nat'l Interstate Ins. Co.*, No. CV 16-16214, 2017 WL 5157537, at *3 (E.D. La. Nov. 7, 2017). In *Wright*, the plaintiff brought suit against defendant driver when he allegedly struck plaintiff's vehicle in Tangipahoa Parish. *Id*. at *1. Plaintiff also brought a claim against defendant trucking company for negligently allowing defendant driver to operate the vehicle, for failing to train him, and for failing to maintain his

7

vehicle. *Id.* at *1. The court held that the rule articulated in *Dennis* was persuasive, and dismissed the negligent supervision, hiring, and training claim against defendant trucking company. *Id.* at *3.

Like the defendants in *Wright* and *Dennis*, Evergreen has stipulated that Mr. Jones was in the course and scope of his employment when the alleged accident took place. Rec. Doc. 12-3 at 3. Plaintiff *has not disputed that fact*, and instead relies on the fact that there is no binding case law saying that a cause of action for vicarious liability and direct negligence of an employer may not be maintained. This argument is unpersuasive.

The synthesized rule promulgated by the Western District comports with and in fact was derived in part from a case from the Louisiana Third Circuit Court of Appeal, which came to the same decision in a factually analogous matter. *Liberstat v. J&K Trucking, Inc.*, 00-192, p. 10 (La. App. 3 Cir. 10/11/00); 772 So. 2d 173, 179. In *Liberstat*, the plaintiffs alleged negligence on the part of the defendant driver and negligence in hiring and supervision on the part of the defendant employer. *See generally id.* Plaintiff asserted that the trial court erred when it failed to instruct the jury on defendant employer's negligent hiring, training, and supervision of the defendant driver, and also asserted that the trial court erred when it equated respondeat superior to all possible theories of recovery. *Id.* at p. 10; 179.

The Louisiana Third Circuit Court of Appeal held that the trial court did not err in failing to instruct on the defendant employer's negligent hiring and training of the defendant driver. *Id*. In its reasoning, the court explained:

> After a review of the record, this Court finds that the trial court's instructions regarding Patterson's possible liability are an *accurate reflection of the law*. Patterson, as Mr. Mitchell's employer, would be liable for his actions under the theory of respondeat superior. If Mr. Mitchell breached a duty to the Appellants, then Patterson is liable under the theory of respondeat superior. If Mitchell did not breach a duty to the Appellants then no degree of negligence on the part of Patterson in hiring Mitchell would make Patterson liable to the Appellants.

*Id*. The court further noted that the failure to give the instruction was not error in this case, as any instruction as to the negligent supervision, hiring, or training by defendant employer "was not appropriate" and sufficiently covered under the theory of respondeat superior. *See id*.

Accordingly, in-step with both Louisiana and Federal jurisprudence interpreting Louisiana law, plaintiff may not maintain both a negligence claim against Mr. Jones and a separate claim for negligent supervision, hiring, and training against Evergreen, when Evergreen has stipulated that Mr. Jones was acting within the course and scope of his employment at the time of the collision. As there is no issue of material fact and defendant movants are entitled to a judgment as a matter of law, plaintiff's

claim against defendant Evergreen for negligent supervision, hiring, and training is dismissed.

### III. CONCLUSION

For the reasons stated above,

**IT IS ORDERED** that defendants' motion for partial summary judgment is **GRANTED**, dismissing claims against defendants for negligent supervision, hiring, and training.

New Orleans, Louisiana this 6th day of July 2020

_____
SENIOR UNITED STATES DISTRICT JUDGE