UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **SEAN O. WATSON** | **CIVIL ACTION** |
| **VERSUS** | **NUMBER: 19-2219** |
| **REGINALD JONES, ET AL** | **SECTION: "B"(3)** |

## ORDER & REASONS

Before the court is plaintiff Sean O. Watson's ("plaintiff") opposed motion to alter or amend the July 6, 2020 order and reasons granting National Interstate Insurance Company, Evergreen Transport, LLC and Reginald Jones's ("defendants") motion for partial summary judgments. Rec. Doc. 29. For the reasons discussed below,

**IT IS ORDERED** that the motion to alter or amend is **DENIED**.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

This action arises from an automobile accident on February 14, 2018, when defendant Mr. Jones ("Jones"), while operating defendant Evergreen's ("Evergreen") truck, allegedly entered plaintiff's lane and crashed into his vehicle. Rec. Doc. at 1-4 at 1-2. On February 4, 2019, plaintiff filed suit in the Civil District Court for the parish of Orleans. Id. at 1. Plaintiff asserted causes of action against defendant Jones for negligence and asserted that defendant Evergreen is liable as Jones's employer under the theory of respondeat superior, i.e., vicariously liable.

1

Id. at 3. Plaintiff also asserted an independent cause of action against defendant Evergreen for negligent supervisions, hiring, and training. Id. On March 8, 2019, defendants removed the case to federal court based on diversity jurisdiction. Rec. Doc. 1.

On October 11, 2019, defendants filed a motion for partial summary judgment arguing that, because Evergreen stipulated that Jones was in the course and scope of his employment when the accident occurred, plaintiff, as a matter of law, could not simultaneously maintain independent actions against both Jones and Evergreen. Rec. Doc. 12-3 at 2. On July 6, 2020, partial summary judgment was granted, dismissing claims against Evergreen for negligent supervision, hiring, and training. Rec. Doc. 29 at 10.

On July 9, 2020, plaintiff filed the instant motion to alter or amend the latter ruling under Fed. R. Civ. P. 59(e). Rec. Doc. 30. Defendants timely filed an opposition and supplemental memoranda. See Rec. Docs. 37, 41.

**LAW AND ANALYSIS**

A Rule 59(e) motion to alter or amend a judgment "serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989). Manifest error of law results from an error "that is plain and indisputable, and that amounts to a complete disregard of the controlling law." *Guy v. Crown Equip. Corp.*, 394 F.3d 320, 325 (5th Cir. 2004).

Plaintiff's motion specifically states that "new jurisprudence not previously made available for consideration" shows that this Court's July 6, 2020 judgment granting defendants' partial motion for summary judgment was produced by manifest error. See Rec. Doc. 30-1 at 6. In support, plaintiff cites *Roe v. Nat'l Cas. Corp.*, No. 2:18-CV-01353, 2020 WL 3477071 (W.D. La. June 25, 2020). In determining whether to allow an amending petition, the *Roe* court ruled "it is proper for plaintiffs to maintain simultaneous claims of direct negligence against the employee and a separate claim for negligent supervision, hiring, and training against the Defendant employer." Rec. Doc. 30-1 at 4. Plaintiff posits the *Roe* court reasoned that the rule stated in *Dennis v. Collins*, No. CV 15-2410, 2016 WL 6637973 (W.D. La. Nov. 9, 2016) is incompatible with Louisiana's public policy goals of holding joint tortfeasors liable for their comparative fault and tort deterrence. See id. at 4-5.

Because the challenged order relied on an "Erie guess," we again look to state substantive law while sitting in diversity and, in the absence of clear guidance from the state's highest court, endeavor to determine how the state's highest court would resolve the issue if presented with the same case. *Am. Int'l Specialty Lines Ins. Co. v. Canal Indemn. Co.*, 352 F.3d 254, 260 (5th Cir. 2003).

The controlling issue restated here is whether a plaintiff can simultaneously maintain claims against an employer for direct negligence and vicarious liability after the employer has admitted the alleged tortfeasor employee was in the course and scope of his or her employment at the time of the subject incident.

Liability under Louisiana law is predicated on fault: "[e]very act whatever of man that causes damage to another obliges him by whose fault it happened to repair it." LA. CIV. CODE art. 2315. Fault can proceed from one's act, negligence, imprudence, or want of skill. LA. CIV. CODE art. 2316. Under the doctrine of respondeat superior, an employer is vicariously liable for the acts of its employees when performed in the scope of their employment. LA. CIV. CODE art. 2320. Louisiana also recognizes the possibility that more than one party may be responsible for an aggrieved plaintiff's loss. See LA. CIV. CODE art. 2323. Therefore, "the degree or percentage of fault of all persons causing or contributing to the injury, death, or loss shall be determined . . . . [and] the amount of damages recoverable shall be reduced" accordingly. Id.

"[V]icarious liability is imposed upon an employer without regard to its own negligence or fault; it is a consequence of the employment relationship." *Pelitire v. Rinker*, 18-501, p. 22 (La. App. 5 Cir. 4/17/19), 270 So. 3d 817, 834 *writ denied*, 2019-00793 (La. 9/17/19), 279 So. 3d 378. It is well-established that an

4

employer can be liable under the theory of vicarious liability or, independently, for negligent entrustment, hiring, training, or supervision of its employees. See id. (negligent hiring liability "is based upon the independent or direct negligence of the employer and its duty to exercise reasonable care in hiring, training and supervising its employees.") The Louisiana Civil Law Treatise explains that, in such cases, "there may also be 'independent' negligence of the employer, which is not vicarious liability at all, but [the employer's] own negligence based on his own conduct." 18 La. Civ. L. Treatise, Civil Jury Instructions § 16:9 (3d ed.)

Thus far, Louisiana appellate court decisions[1], including a recent one from the Louisiana First Circuit Court of Appeals, with a denial of writ to review by the Louisiana Supreme Court, "conclude that plaintiff cannot maintain a direct negligence claim, such as negligent hiring, training, supervision, etc., against an employer, while simultaneously maintaining a claim against the alleged negligent employee for which the plaintiff seeks to hold the employer vicariously liable, after the employer has admitted that the employee was in the course and scope of employment at the time of the alleged conduct." *Elee v. White*, 2019-1633(La.App.1Cir.7/24/20) <u>writ denied</u>, 2020-01048 (La.

---

[1] *See Wheeler v. U.S. Fire Ins. Co.*, 2019 WL 2612903 (La. Ct. App. 1st Cir. Jun. 13, 2019) (unpublished); *Landry v. National Union Fire Insurance Company of Pittsburg,* 19-337 (La. App. 5. Cir. 12/30/19) 289 So.3d 177; Libersat v. J & K Trucking, Inc., 772 So. 2d 173 (La. App. 3 Cir. 2000) (any jury instruction as to the negligent supervision, hiring, or training by defendant employer "was not appropriate" and sufficiently covered under the theory of respondeat superior);

5

11/10/20), 303 So. 3d 1038, 2020 WL 4251974 (citing and adopting the reasoning of *Wheeler v. U.S. Fire Ins. Co.,* 18-1422 (La. App. 1 Cir. 6/13/19), 2019 WL 2612903). Similarly, as shown in the prior order and reasons, most federal courts in Louisiana gave *Erie* guesses that are inapposite with plaintiff's argument.[2] Rec. Doc. 29 at p. 6. Two federal cases have agreed with plaintiff's position.[3]

Plaintiff fails to show an intervening change in controlling state law. His reliance on *Roe* in the face of overwhelming decisions favoring an opposite position is unconvincing. The rationale found in the *Elee* decision supports an *Erie* guess that the state supreme court would affirm that intermediate state court's result, especially when the latter court recently denied on November 10, 2020 supervisory writs to review the First Circuit's decision.

The dismissal of plaintiff's direct negligence claim against the employer here will not impinge on the jury's role to determine

---

[2] *Meadors v. D'Agostino*, No. CV 18-01007-BAJ-EWD, 2020 WL 1529367 (M.D. La. Mar. 30, 2020); *Pigott v. Heath*, No. CV 18-9438, (E.D. La. Feb. 5, 2020), 2020 WL 564958; *Andry v. Werner Enterprises of Nebraska*, No. CV 19-11340, (E.D. La. Jan. 27, 2020), 2020 WL 419296; *Wright v. Nat'l Interstate Ins. Co.*, No. CV 16-16214, 2017 WL 5157537, at *2 (E.D. La. Nov. 7, 2017); *Dennis v. Collins,* No. CV 15-2410, 2016 WL 6637973, at *8 (W.D. La. Nov. 9, 2016); *Coffey v. Knight Refrigerated, LLC,* No. CV 19-3981, 2019 WL 5684258, at *3 (E.D. La. Nov. 1, 2019); *Franco v. Mabe Trucking Co., Inc.,* No. 17-871, 2018 WL 6072016, at *4 (W.D. La. Nov. 20, 2018); *Vaughn v. Taylor,* No. 18-1447, 2019 WL 171697, at *3 (W.D. La. Jan. 10, 2019)*; Wilcox v. Harco Int'l Ins.,* No. CV 16-187-SDDEWD, 2017 WL 2772088, at *3 (M.D. La. June 26, 2017); *Thomas v. Chambers*, No. CV 18-4373, (E.D. La. Apr. 17, 2019), 2019 WL 1670745; *Giles v. ACE Am. Ins. Co.*, No. CV 18-6090, (E.D. La. June 26, 2019), 2019 WL 2617170.

[3] *Roe v. Safety Nat'l Cas. Corp.*, No. 2:18-CV-01353, 2020 WL 3477071, (W.D. La. June 25, 2020); and *Gordon v. Great W. Cas. Co.,* No. 2:18-CV-00967, 2020 WL 3472634 (W.D. La. June 25, 2020) (not following the majority rule).

facts and assess fault. The direct negligence claim against the employer is essentially subsumed in the direct negligence claim against the its employee; the employee driver's negligence may include his employer's negligence for lapses in hiring, training, and supervision. *Elee v. White,* 2019-1633 (La. App. 1 Cir. 7/24/20), *writ denied,* 2020-01048 (La. 11/10/20), 303 So. 3d 1038. See *Meadors v. D'Agostino*, CV 18-01007-BAJEWD (M.D. La. Mar. 30, 2020), 2020 WL 1529367 at *4. If the employee was not negligent in causing the subject accident, then a jury could not reasonably find that the employer's failure to properly hire, train, or supervise him was a legal cause of the accident. *See Landry v. Nat'l Union Fire Ins. Co. of Pittsburg,* 19-337 (La. App. 5 Cir. 12/30/19), 289 So.3d 177, 185; *accord Libersat v. J & K Trucking, Inc.*, 00-00192 (La. App. 3 Cir. 10/11/00), 772 So.2d 173, 179, *writ denied*, 01-0458 (La. 4/12/01), 789 So.2d 598.

The most recent federal court decision on this issue reached the same *Erie* guess and rationale. *See Zinamon v. STR Transport, Inc., et al*, No. CV 19-656-SDD-EWD, 2021 WL 725801 (M.D. La. Feb. 24, 2021).

Accordingly, the instant Rule 59(e) motion is denied.

New Orleans, Louisiana this 17th day of March 2021

_____
SENIOR UNITED STATES DISTRICT JUDGE